**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ALBERT HORACE, | : | Civil Action No.:10-5261 (FLW) |
| Plaintiff, | : |  |
| v. | : | **O P I N I O N** |
| MERCER CTY CORR. MEDICAL DOCTOR, et al., | : |  |
| Defendants. | : |  |

**APPEARANCES:**

Albert Horace, Pro Se
#510094
Monmouth County Correctional Facility
71 Monument Park
Freehold, NJ 07728

**WOLFSON**, District Judge

Plaintiff, Albert Horace, is currently confined at the Monmouth County Correctional Facility, Freehold, New Jersey. Plaintiff seeks to bring this action in forma pauperis, alleging violations of his constitutional rights. At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the following reasons, the complaint will be dismissed.

**BACKGROUND**

Plaintiff states in his Statement of Claims that on March 23, 2010, he was physically attacked in Trenton and was taken to the hospital with fractures to his right wrist, left elbow, right foot, left ankle and other areas of his body, resulting in permanent damage. Defendant Care One of Hamilton, terminated his employment while he was in the hospital and stopped his insurance coverage to pay his bills. Plaintiff states that he was "unable to file a claim for my V.C.C.B. from the Trenton Police Department because once [he] was released from the nursing home [he] was brought to the Mercer County Correctional Center." (Complt., ¶ 6).

Attachments to the complaint show that Plaintiff's Notice of Claim against the County of Mercer was initially rejected because of its form. A letter from Assistant County Counsel enclosed a proper form for Plaintiff, and instructed him to return the form at his earliest convenience. Plaintiff wrote back to the County asking for an extension. Also attached to the complaint is a "Receipt of Claim Acknowledgment," dated September 15, 2010, which states that Plaintiff's claim was received and was being processed.

Plaintiff names as defendants "Mercer County Correctional Medical Doctor;" Providence Rehab Center; Care One Hamilton; Helene Fuld Hospital; and Trenton Police- VCCB. Although

Plaintiff does not articulate claims against these defendants in his Statement of Claims, elsewhere in the complaint, Plaintiff notes the following. First, he states that the doctor at the Mercer County Correctional Center, Dr. Brown, "took [him] off all medications that were prescribed for [him] by the doctors at the hospital." (Complt., ¶ 4(b)). As to defendant Care One, Plaintiff states that his employment was terminated due to being absent from work while at the hospital. (Complt., Attachment labeled "Page 5-A"). As to defendant Helene Fuld, Plaintiff states that the surgeon at the hospital placed screws and a pin in his left arm, and now he "can't hardly move it." Id. Finally, as to defendant Trenton Police, Plaintiff states that he was assaulted in Trenton, and "know[s] that VCCB is given to victims of Violent Crimes. [He] is true a victim of a violent crime." (Complt., Attachment).

Plaintiff asserts jurisdiction under 42 U.S.C. § 1983, and asks for monetary relief.

## DISCUSSION

### A. Standards for *Sua Sponte* Dismissal

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a District Court to screen a complaint in a civil action in which a plaintiff is proceeding in forma pauperis and to sua sponte dismiss any claim if the Court determines that it

3

is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).

The pleading standard under Rule 8 was refined by the United States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). In Ashcroft, the Supreme Court hammered the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[1] which was previously applied to determine if a federal complaint stated a claim. See Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009). The Supreme Court clarified as follows:

> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice .... Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not

---

[1] The Conley court held that a district court was permitted to dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

4

> permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."  Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 129 S. Ct. at 1949–1950 (citations omitted).

Since Iqbal, the Third Circuit has required district courts to conduct, with regard to Rule 8 allegations, a three-part analysis when reviewing a complaint for dismissal for failure to state a claim:

> To determine the sufficiency of a complaint under the [Iqbal] pleading regime ..., a court must take three steps:  First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Iqbal, 129 S.Ct. at 1947.  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth."  Id. at 1950.  Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."  Id.

Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010) (internal footnote omitted).

The Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89 (2007).

**B.    Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.    Claims Against Medical Doctor**

Plaintiff asserts that defendant Mercer County Correctional Medical Doctor, specifically, Dr. Brown, saw him and took him off the medication prescribed by the hospital.

It is not clear from the complaint whether the plaintiff is a pretrial detainee, a convicted but unsentenced inmate, or a

6

convicted and sentenced inmate.  Pretrial detainees are protected by the Due Process Clause of the Fourteenth Amendment and convicted prisoners are protected by the Eighth Amendment.  See Bell v. Wolfish, 441 U.S. 520, 535, n.16, 545 (1979).  However, the Court of Appeals for the Third Circuit has analyzed pretrial detainees medical care claims utilizing the Eighth Amendment standard.  See Hubbard v. Taylor, 399 F.3d 150, 166 n.22 (3d Cir. 2005); Natale v. Camden County Correctional Facility, 318 F.3d 575, 581-82 (3d Cir. 2003); Sylvester v. City of Newark, 120 Fed. Appx. 419 (3d Cir. 2005).

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care.  See Estelle v. Gamble, 429 U.S. 97, 103-04 (1976); Rouse v. Plantier, 182 F.3d 192 (3d Cir. 1999).  In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege:  (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. Estelle, 429 U.S. at 106; Natale v. Camden County Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003).

To satisfy the first prong of the Estelle inquiry, the inmate must demonstrate that his medical needs are serious. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to

medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" Hudson v. McMillian, 503 U.S. 1, 9 (1992). The Third Circuit has defined a serious medical need as: (1) "one that has been diagnosed by a physician as requiring treatment;" (2) "one that is so obvious that a lay person would recognize the necessity for a doctor's attention;" or (3) one for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss." Atkinson v. Taylor, 316 F.3d 257, 272-73 (3d Cir. 2003)(internal quotations and citations omitted); see also Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

The second element of the Estelle test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need. See Natale, 318 F.3d at 582 (finding deliberate indifference requires proof that the official knew of and disregarded an excessive risk to inmate health or safety). "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. See Farmer v. Brennan, 511 U.S. 825, 837-38 (1994). Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference. See Andrews v. Camden County, 95 F.

8

Supp.2d 217, 228 (D.N.J. 2000); Peterson v. Davis, 551 F. Supp. 137, 145 (D. Md. 1982), aff'd , 729 F.2d 1453 (4th Cir. 1984). Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims." White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990). "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment." Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (internal quotation and citation omitted). Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation. See Estelle, 429 U.S. at 105-06; White, 897 F.3d at 110. The Third Circuit has found deliberate indifference where a prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment for non-medical reasons; or (3) prevents a prisoner from receiving needed or recommended treatment. See Rouse, 182 F.3d at 197.

In this case, assuming the seriousness of Plaintiff's condition, Plaintiff has not alleged facts indicating deliberate indifference on the part of Dr. Brown, the Mercer County Correctional Center doctor. From Plaintiff's one sentence describing his claim against Dr. Brown, it is clear that

9

Plaintiff was seen by the doctor, who took him off his prescribed medications. Plaintiff gives no other facts. It is impossible to decipher whether Plaintiff was prescribed other medications, or whether he was treated in some other manner besides medication. As Plaintiff was seen by the doctor, and it appears that Plaintiff disagrees with the medical treatment he received, it is possible that Plaintiff has alleged facts indicating medical malpractice, which does not violate the Eighth Amendment.

Therefore, as pled, this claim will be dismissed, pursuant to 28 U.S.C. § 1915(e), for failure to state a claim upon which relief may be granted. However, the dismissal will be without prejudice to Plaintiff filing a motion to reopen and submitting an amended complaint, in accordance with the attached order, that addresses the deficiencies as outlined above.

**D.**     **Plaintiff's Remaining Claims**

Plaintiff's claims against Care One, Providence Rehab Center, and Helene Fuld Hospital are not cognizable in this § 1983 action. Plaintiff has not pled facts to show that these defendants are "state actors," a requirement to proceed under § 1983, or that any of the incidents he complains of took place while Plaintiff was in the custody of the state. Further, Plaintiff has not asserted a constitutional violation against any

of these defendants.[2]  Therefore, as pled, these defendants must be dismissed from this action, without prejudice.  Should Plaintiff move to reopen his case and amend his complaint to cure the pleading deficiencies regarding these defendants, his amended complaint must assert facts indicating that these defendants are state actors.  Further, in any proposed amended complaint Plaintiff must allege facts indicating what claims he seeks to assert against these defendants, in accordance with the standards defined by Iqbal.

Plaintiff's claims against the Trenton Police must also be dismissed.  While a police department is a governmental entity, Plaintiff asserts no violation of his constitutional rights.  He asserts that he wanted to file a VCCB claim.  He attaches documentation to his complaint showing that he filed a claim with the County that is proceeding.  The nature of Plaintiff's complaint against this defendant is unclear to this Court, and Plaintiff has not asserted a violation of his constitutional rights as to Trenton Police.  Therefore, the Trenton Police Department must be dismissed from this action, without prejudice.

---

[2]  To the extent that Plaintiff asserts a claim for medical malpractice against these defendants, such claims are state law claims and are not cognizable under § 1983, regardless of whether or not these defendants are state actors.

11

**CONCLUSION**

For the foregoing reasons, Plaintiff's complaint is dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).  If Plaintiff can cure the deficiencies of his pleading as to these defendants, as stated in this Opinion, he may move to reopen the case and submit an amended complaint, as set forth in the Order accompanying this Opinion.

     S/Freda L. Wolfson
     FREDA L. WOLFSON
     United States District Judge

Dated: August 15, 2011